### Phenix Insurance Co. v. Woland.

1. *Verdict Against the Preponderance of the Evidence.*—Where the evidence is conflicting, and the jury choose to accept the version of one party, the court will not ordinarily reverse the finding.

2. *Instructions—Repetition.*—It is not error to refuse an instruction the substance of which is contained in other instructions given for the same party.

Memorandum.—Action upon a promissory note. Appeal from the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed December 2, 1892.

The opinion states the case.

S. L. WALLACE, attorney for appellant.

E. D. BLINN, attorney for appellee.

OPINION BY THE COURT.

This suit was on a note for $14.50, given by appellee to appellant, commenced before a justice of the peace and removed by appeal to the Circuit Court, where, upon a trial by jury, there was a verdict for appellee. The Circuit Court denied a motion for new trial and rendered judgment for costs against the appellant.

It is urged, mainly, by counsel for the appellant, that the finding of the jury is against the preponderance of the evidence. The defense was a failure of consideration; and the evidence was certainly very much in conflict. The jury chose to accept the version of the appellee, and we are not able to say that they were without warrant in so doing.

It is needless to enter into a statement of the testimony or to discuss it in detail. We can not, in our opinion, reverse the judgment on this ground.

It is assigned as error that the court refused to give instructions Nos. 5 and 6 asked by appellant. We think these instructions did not fully or perfectly state the facts in controversy and for that reason might have been refused, and further, that all there is in them which appellant was entitled to was embraced in the fourth instruction that was given. We think there was no error in the instructions given for appellee and that upon the whole case there is no occasion to interfere with the judgment of the Circuit Court, which is therefore affirmed.